# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): __12-2211__                             Caption fuse short title!

Motion for: __Dismissal of Appeal__

Set forth below precise, complete statement of relief sought:

__TAGC Mgmt. LLC v. Lehamn, Lee & Xu, et al.__

MOVING PARTY: __TAGC Management__          OPPOSING PARTY: __Lehman, LLC & Xu, et al.__
  ☐ Plaintiff   ☐ Defendant
  ☐ Appellant/Petitioner   ☒ Appellee/Respondent

MOVING ATTORNEY: __Donald R. Dinah__       OPPOSING ATTORNEY: __Anthony Scordo__
[name of attorney, with firrn, address, phone number and e-mail]

__Roetzel & Andress, LPA__                 __Stueben & Scordo__
__600 14th Street. N.W., Suite 400__       __1425 Pompton Avenue__
__Washington, D.C. 20005__                 __Cedar Grove, NJ 07009__
__202.216.8302 ddinanaralaw.com__          __9(3.831.1861 anthonyscordo@msn.com__

Court-ludgei Agency appealed from: __USDC Southern District of NY, Judge Katherine B. Forrest__

Please check **appropriate** boxes:                        FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                           INJUNCTIONS PENDING APPEAL:
Has movffotifAupposing counsel (required by Local Rule 27.1):   Has request fur relief been made below?       Yes   No
  ☑ Yes  ☐ No (explain):_____                             Has this relief been previously sought in this Court?  Yes   No
  _____                                   Requested return date and explanation of emergency:_____

Opposing counsel's position on motion:
  ☐ linopposed  ☒ apposed  ☐ Don't Know
Does opposing counsel intend to file a response:
  ☐ plied:  ☒ No  ☐ EJDon't Know

Is oral argument on motion requested?    ☐ yes    ☒ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ hies  ☒ No If yes, enter date:_____

Signature of Movin Attorney:
__sf Donald R. Dlnan__          Date: __11/30/2012__     Service by:  ☒ CM/ECF   ☐ Other [Attach proof of service]

═══════════════════════════════════════════════════════════════════════════════

## ORDER

IT IS HEREBY ORDERED THAT the motion is GRANTED DENIED.

FOR THE COURT:
CATHERINE Q'HAGAN WOLFE, Clerk of Court

Date: _____   By: _____

**Form T-1080** (rev. 7-12)

Case: 12-2211    Document: 61-1    Page: 2    12/04/2012    785862    10

Donald R. Dinan
ROET4EL & ANDRESS, LPA
600 14 Street N.W.
Suite 400
Washington, D.C. 20005
Telephone: (202) 625-0600
Facsimile: (202) 338-6340
Email: ddinan@ralaw.com

Attorneys for Plaintiffs-Appellees, TAGC 1, LLC, TAGC Management, LLC, Total Access Global Capital, LLC

| | |
|---|---|
| TAGC Management, LLC, a Nevada Limited Liability Company, TAGC I. LLC a Nevada Limited Liability Company, and Total Access Global Capital, LLC a Texas Limited Liability Company,<br><br>　　　　Plaintiffs-Appelles,<br>　　vs.<br><br>Edward Eugene Lehman, an individual, Karolina Lehman, an individual, Scott Garner, an individual, Lehman, Lee & Xu Limited, a Hong Kong Corporation, Home & Garden Limited, a Hong Kong Corporation, Lehman, Lee & Xu Patent and Trademark Agents Limited, a Hong Kong Corporation, Lehman, Lee & Xu Corporate Services Limited, a Hong Kong Corporation, Lehman, Jones & Partners (HK) Limited, a Hong Kong Corporation, Lehman CGS Limited, a Hong Kong Corporation, Lehman & Co Management, Ltd., a British Virgin Islands Company, and DOES 1- 10 INCLUSIVE,<br><br>　　　　Defendants<br><br>Lehman, Lee & Xu Limited, A Hong Kong Corporation,<br><br>　　　　Defendant-Appellant. | **UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**<br><br><br>Docket Number: 12-2211<br><br>(Document Filed Electronically)<br><br><br>**MOTION TO DISMISS APPEAL** |

　　　　Pursuant to Federal Rule of Appellate Procedure and Local Rule 27.1, respondent-appellees TAGC Management, LLC, a Nevada Limited Liability Company, TAGC 1, LLC a Nevada Limited Liability Company, and Total Access Global Capital, LLC a Texas Limited

1

Liability Company (hereinafter collectively referred to as "TAGC") respectfully moves this Court to dismiss the instant appeal, docket number 12-2211 in its entirety as moot.

I. <u>PROCEDURAL FAILURES</u>

On both a substantive and procedural level this attempted appeal is flawed and should be dismissed forthwith. It has been nearly six months since defendant-appellant Lehman, Lee & Xu Limited (hereinafter "Lehman") filed notice of appeal on May 30, 2012, yet Lehman has not provided any briefing regarding what the legal basis for the appeal is. On October 5, 2012, appellant's counsel sent a letter, rather than a formal scheduling request as required by Local Rule 31.(a)(1)(A) to the Court requesting that appellant's brief be due on November 26, 2012_ However, appellant never indicated that it either had, or was not going to, be ordering transcripts as required by Local Rule 11.1(b). Indeed, just days before appellant's initial briefing was due, Lehman asks this Court for an *additional* 60 days to provide the brief. *See,* Motion for Extension of Time, filed November 20, 2012. Although appellant's attorney indicates on the Motion Information Statement that he notified counsel for TAGC, no such notice was received. Lehman has utterly failed to provide this Court or TAGC any information regarding the basis for the appeal', and this Court should exercise it's discretion under Local Rule 31.2(d) and dismiss the appeal purely on its procedural failures.

II. <u>SUBSTANTIVE FAILURES</u>

Should this Court excuse appellant's procedural shortcomings, the appeal should nonetheless be dismissed because the case was settled, in its entirety, and Lehman is precluded from this appeal as there is no issue left to be adjudicated. In early April, 2012, the parties negotiated a settlement, wherein appellant would make monthly payments to the appellee for a specified duration. In the event that appellant failed to make any payment, it would be subject to the full amount of the judgment entered by the District Court. Declaration of Donald R. Dinar',

---

Appellee assumes that Lehman's desire to appeal stems from the fact that he is currently in default of the settlement the parties entered into in early April 2012, triggering judgment amount against him rather than the lower, negotiated amount_

2

Exhibit 1. There is no issue that this Court can decide for the parties that they have not decided for themselves, and any issue appellant may present is moot.

Mootness is jurisdictional; thus it can be raised at any time *Alvarez v. Smith,* 558 U.S. 87, 91 (2009) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed,'" quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)); *Burke v. Barnes,* 479 U.S. 361, 363 (1987) ("Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case."); *Allen v. Wright,* 468 U.S. 737, 750 (1984); *Wyoming v. U.S. Dept. of interior,* 587 F.3d 1245, 1250 (10th Cir. 2009).

At the time of entering into the settlement agreement, default had already been entered against appellant Indeed, one motivation for appellant entering into the settlement was the fact that it could agree to settle the matter for a lesser sum that the amount of money that would be entered as a judgment against it. Despite its contention to the contrary, appellant knew the amount of the judgment it was facing. Indeed, after signing the settlement agreement, appellant moved the district court to reconsider this amount, alleging an incorrect calculation, and succeeded. In none of those papers did appellant ever challenge the sufficiency of the evidence that the district court relied on to calculate the judgment amount, just an error in the calculation itself.

On the October 18, 2012 conference call with the court, counsel for the appellant represented that he believed there was insufficient evidence to support the district court's finding of a RICO claim, and indicated that was the primary basis for his appeal. Not only was this not raised at the district court level, the position utterly fails to acknowledge that the only reason that it was up to the court, and not a jury to make this determination after extensive presentation of evidence is because the appellant's pleadings were struck as a discovery sanction. Again, this was never challenged on the district court level, and was well known at the time the parties negotiated and entered into the settlement agreement.

By reason of the settlement, and appellant's agreement, which was in fact an acknowledgement and agreement to a court-imposed judgment in the event of non-payment, the

mootness of this issue became a fact — simply put, it ended any live controversy between the parties before the Court. Indeed, it is this *fact* of mootness that is at the heart of the jurisdictional issue that this Court must consider as mootness may arise in any number of ways, including, as here, by an act of the parties. *United States v. Alaska S.S. Co.,* 253 U.S. 113. The instant case does not fall into any recognized or suggested exceptions to the mootness doctrine — it is not a violation of federal law which is "capable of repetition, yet evading review", it does not seek injunctive relief, nor is there a significant public interest involved. Indeed, the issue is simply this — appellant does not want to uphold its end of the bargain, and is asking this Court to police a private contract.

### III.  CONCLUSION

In light of the fact that the parties settled this matter over six months ago, there is nothing for this Court to decide, and it should therefore dismiss Lehman's appeal in its entirety.

Dated: November 30, 2012                                       **ROETZEL & ANDRESS, LPA**


                                                               */s/* Donald R. Dinan
                                                               Donald R. Dinan
                                                               (DD7985)
                                                               600 14th Street, N.W., Suite 400
                                                               Washington, DC 20005
                                                               Tel: (202) 216-8302
                                                               Fax: (202) 338-6340
                                                               Email: ddinan@ralaw.com

Attorneys for Plaintiffs-Appellees

Donald R. Dinan
ROET4EL & ANDRESS, LPA
600 lzI¹ʰ Street N.W.
Suite 400
Washington, D.C. 20005
Telephone: (202) 625-0600
Facsimile: (202) 338-6340
Email: ddinan@ralaw.com

Attorneys for Plaintiffs-Appellees, TAGC I, LLC, TAGC Management, LLC, Total Access Global Capital, LLC

| | |
|---|---|
| TAGC Management, LLC, a Nevada Limited Liability Company, TAGC I, LLC a Nevada Limited Liability Company, and Total Access Global Capital, LLC a Texas Limited Liability Company,<br><br>        Plaintiffs-Appellees,<br><br>  vs. | **UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT** |
| Edward Eugene Lehman, an individual, Karolina Lehman, an individual, Scott Gamer, an individual, Lehman, Lee & Xu Limited, a Hong Kong Corporation, Home & Garden Limited, a Hong Kong Corporation, Lehman, Lee & Xu Patent and Trademark Agents Limited, a Hong Kong Corporation, Lehman, Lee & Xu Corporate Services Limited, a Hong Kong Corporation, Lehman, Jones & Partners (HK) Limited, a Hong Kong Corporation, Lehman CGS Limited, a Hong Kong Corporation, Lehman & Co Management, Ltd., a British Virgin Islands Company, and DOES 1- 10 INCLUSIVE,<br><br>    Defendants<br><br>Lehman, Lee & Xu Limited, A Hong Kong Corporation,<br><br>    Defendant-Appellant, | Docket Number: 12-2211<br><br>(Document Filed Electronically)<br><br><br>**ORDER** |

     THIS MATTER having come before this Court by way of Motion of Roetzel & Andress, LPA, Attorneys for Plaintiffs-Appellees, TAGC Management, LLC, a Nevada Limited Liability Company, TAGC I, LLC a Nevada Limited Liability Company and Total Access Global Capital,

1

2

LLC, a Texas Limited Liability Company, and the Court having considered the moving papers, and oppositions papers, if any and for good cause shown,

 IT IS on this _____ day of _____,2012

 ORDERED that the Motion to Dismiss Appeal be GRANTED, on the grounds of mootness.

                _____
                JUDGE
                United States Court of Appeals for
                the Second Circuit

Donald R. Dinan (DD7985)
ROETEEL & ANDRESS, LPA
600 1e Street N.W.
Suite 400
Washington, D.C. 20005
Telephone: (202) 625-0600
Facsimile: (202) 338-6340
Email: ddinan@ralaw.com

Attorneys for Plaintiffs-Appellees, TAGC I, LLC, TAGC Management, LLC, Total Access Global Capital, LLC

| | |
|---|---|
| TAGC Management, LLC, a Nevada Limited Liability Company, TAGC I, LLC a Nevada Limited Liability Company, and Total Access Global Capital, LLC a Texas Limited Liability Company,<br><br>    Plaintiffs-Appellees,<br>  vs.<br><br>Edward Eugene Lehman, an individual, Karolina Lehman, an individual, Scott Garner, an individual, Lehman, Lee & Xu Limited, a Hong Kong Corporation, Home & Garden Limited, a Hong Kong Corporation, Lehman, Lee & Xu Patent and Trademark Agents Limited, a Hong Kong Corporation, Lehman, Lee & Xu Corporate Services Limited, a Hong Kong Corporation, Lehman, Jones & Partners (HK) Limited, a Hong Kong Corporation, Lehman CGS Limited, a Hong Kong Corporation, Lehman & Co Management, Ltd., a British Virgin Islands Company, and DOES 1- 10 INCLUSIVE,<br><br>    Defendants<br><br>Lehman, Lee & Xu Limited, A Hong Kong Corporation,<br><br>    Defendant-Appellant. | **UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**<br><br><br><br>**Docket Number: 12-2211**<br><br>(Document Filed Electronically)<br><br><br><br>**DECLARATION OF DONALD R. DINAN** |

I, Donald R. Dinan, do hereby declare and affirm that:

1. I am Donald R. Dinan of Washington, D.C. I am licensed to practice law in the State of New York. I am a member of the United States Court of Appeals for the Circuit I am counsel for Plaintiff-Appellees, TAGC Management, LLC. A Nevada Limited Liability

       Company, TAGC I, LLC a Nevada Limited Liability Company and Total Access Global Capital, LLC a Texas Limited Liability Company.

2.     I have personal knowledge of all the matters set forth in this Declaration concerning Plaintiffs' Motion for to Dismiss Appeal.

3.     Attached hereto as Exhibit I is a true and correct copy of the Confidential Settlement Agreement and General Release in Satisfaction of Judgment, with exhibits.

Further Affiant Sayeth Naught.

Signed under the penalties of perjury this ___ day of November, 2012.

Date:         2012-6/2

                                                           Donald R. Dinan

# EXHIBIT 1